**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TARIK GILL,** | § | |
| ***Plaintiff,*** | § | |
| ***v.*** | § | **CASE NO. 6:24-CV-00217-CRW-DTG** |
| **ECS ENVIRONMENTAL SOLUTIONS,** | § | |
| ***Defendant.*** | § | |

**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 19)**

**TO: THE HONORABLE CHRISTOPHER R. WOLFE, UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges and the Order and Advisory on April 4, 2026, referring all pretrial matters in this case to the undersigned.

Pending before the Court is the defendant, ECS Environmental Solutions's Motion for Summary Judgment. Dkt. No. 19. The Motion is fully briefed, and on October 2, 2026, the Court heard arguments from the parties. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the Motion be **GRANTED**.

## I. BACKGROUND

This is a Title VII sexual harassment case. The plaintiff was employed by the defendant as a Project Engineer starting on December 1, 2022. Dkt. No. 8 at 2. The plaintiff alleges that in March and February of 2023, his supervisor, Alicia White, sexually harassed him on two

occasions. *Id.* The plaintiff alleges that White made an unwanted sexual advance asking him to hang out and threatened to not give him a raise or promotion if he did not "go out with [White]." *Id.* One year later, on February 23, 2024, the plaintiff was fired for alleged performance deficiencies. *Id.* at 4. The plaintiff filed suit, pro se, claiming (1) quid pro quo sexual harassment, (2) hostile work environment and workplace, and (3) retaliation. Dkt. No. 1. The defendant maintains that it terminated the plaintiff for work-related performance deficiencies and White denies all allegations of sexual harassment. Dkt. No. 19 at 1; White Decl. 442–43, ¶¶ 32–36, Dkt. No. 20. The defendant subsequently filed this Motion for Summary Judgment, which is before the Court. Dkt. No. 19.

## II. ANALYSIS

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Meadaa v. K.A.P. Enters., LLC*, 756 F.3d 875, 880 (5th Cir. 2014). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In federal court, the movant always bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant bears the burden of proof at trial, he must support his summary judgment motion with evidence that would entitle him to judgment at trial. *Descant v. CTCI Americas, Inc.*, No. 2:22-CV-00308, 2025 WL 806640, at * 3 (S.D. Tex. Jan. 3, 2025), *report and recommendation adopted in part*, No. 2:22-CV-00308, 2025 WL 444421 (S.D. Tex. Feb. 10, 2025), *aff'd*, No. 25-40112, 2025 WL 3110795 (5th Cir. Nov. 6, 2025).

**1. Quid Pro Quo Harassment**

A quid pro quo harassment claim requires five elements: (1) the defendant belongs to a protected group; (2) the defendant is subjected to unwelcome harassment; (3) the harassment is based on sex; (4) the defendant's refusal of the unwelcome harassment causes a tangible job detriment; and (5) there exists some ground to hold the employer liable. *House v. Interline Brands*, *Inc.*, 464 F. App'x 402, 404 (5th Cir. 2012). As to the unwelcome sexual harassment conduct, the Fifth Circuit has held that, standing alone, a supervisor asking an employee to get together after hours would probably not amount to unwelcome sexual harassment. *Frensley v. N. Miss. Med. Ctr., Inc.*, 440 F. App'x 383, 387 (5th Cir. 2011). Instead, the Fifth Circuit looks to additional evidence, such as whether the conduct occurred on more than one occasion or whether the supervisor touched the employee, to determine if conduct constituted sexual harassment. *Id.*

Additionally, "a plaintiff must show a 'causal nexus' between the acceptance or rejection of the sexual advances and the tangible employment action." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 772 (5th Cir. 2009). The Fifth Circuit considers whether the events happened close in time—temporal proximity—along with other circumstances, to decide causation. *Frensley*, 440 F. App'x at 387 (holding that five weeks between an employee's rejection of their supervisor's alleged misconduct and the elimination of the employee's position did not raise a genuine dispute of a material fact as to causation). Temporal proximity looks at whether the time the employment action was taken happened close in time to any alleged rejection of sexual harassment. *Id.*

The Fifth Circuit directs courts to analyze, at the first step, whether the defendant suffered a tangible employment action. *Casiano v. AT & T Corp.*, 213 F.3d 278, 283 (5th Cir. 2000). "A tangible employment action constitutes a significant change in employment status,

such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). But notably, if the defendant has suffered a tangible employment action, the case is classified as a quid pro quo claim; if the defendant has not, the case is classified as a hostile work environment claim. *Casiano*, 213 F.3d at 283.

The parties dispute whether White's conduct amounted to unwelcome sexual harassment and whether the plaintiff established causation. The plaintiff argues that a reasonable jury could credit his testimony and find that White's conduct amounted to quid pro quo harassment. Dkt. No. 21 at 3. The defendant counters, arguing that the plaintiff cannot prove actionable sexual harassment or any causal link between the alleged rejection of such conduct and his termination. Dkt. No. 19 at 11. First, the defendant argues that, without more, being asked out by White and White's alleged statement refusing to give the plaintiff a promotion if he did not go out with her, does not constitute unwelcome sexual conduct. *Id.* Second, the defendant argues that the plaintiff cannot establish a causal link between his refusal of White and his termination because one year separated the conduct at issue, and the defendant was terminated due to undisputed performance deficiencies. *Id.* at 13–14.

The Court must first consider whether the quid pro quo or the hostile work environment analysis controls. Here, the defendant fired the plaintiff, which amounts to a tangible employment action. Thus, the quid pro quo standard applies. The Court must next consider whether the plaintiff was terminated because of his rejection of White's alleged sexual harassment.

Even considering all facts in favor of the plaintiff, the undersigned is not persuaded that actions of White rise to the level of unwelcome sexual harassment, and the plaintiff has failed to

demonstrate a causal nexus between his rejection of White's alleged sexual advances and his termination. Here, the plaintiff alleges two instances of unwelcome conduct. Dkt. No. 8 at 2; Gill Dep. 160: 5–15, Dkt. No. 20. The facts indicate that, if true, these were isolated instances and White never touched the plaintiff. Dkt. No. 19 at 13. Under Fifth Circuit precedent, White's alleged conduct does not amount to harassment. *Frensley*, 440 Fed. App'x at 387. Moreover, the plaintiff cannot show that he was terminated for rejecting White's alleged advances. The undersigned is persuaded that the year between White's alleged conduct and the plaintiff's termination eliminates a genuine issue of material fact as to causation. That is there is no sufficient temporal proximity to create a fact question. Thus, the plaintiff's arguments for quid pro quo harassment fail as a matter of law, and the plaintiff failed to establish that there is a genuine issue of material fact regarding his quid pro quo harassment claim. The undersigned recommends that this portion of the defendant's motion should be **GRANTED**.

**2. Hostile Work Environment**

As discussed above, the plaintiff suffered a tangible employment action by being terminated. Under controlling law, that eliminates the ability of the plaintiff to bring a hostile work environment claim. *Casiano*, 213 F.3d at 283. The undersigned, however, addresses this claim for the sake of completeness.

"A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009). In order to state a hostile work environment claim, a plaintiff must plead facts showing that: (1) the defendant belongs to a protected group; (2) the defendant was subjected to unwelcome harassment; (3) the harassment was based on the

defendant's protected status; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known about the harassment and failed to take remedial action. *Hackett v. United Parcel Serv.*, 736 F. App'x 444, 450 (5th Cir. 2018) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). "[O]nly that which is objectively *and* subjectively offensive and so severe *or* pervasive as to alter the terms and conditions of employment may give rise to a claim." *Dike v. Columbia Hosp. Corp. of Bay Area*, 2025 WL 315126, at *5 (5th Cir. Jan. 28, 2025) (quoting *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 924 (5th Cir. 2022)). Objectively offensive conduct is conduct that a reasonable person finds hostile and abusive. *Shepherd v. Comptroller of Pub. Accounts,* 168 F.3d 871, 874 (5th Cir.1999). Whether conduct meets this threshold requires the undersigned to evaluate several factors such as "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 103 (2002)).

The plaintiff argues that White created a hostile work environment by asking the plaintiff to go out with her, falsely accusing the plaintiff of incomplete work product, humiliating the plaintiff, and manipulating other employees to retaliate against the plaintiff. Dkt. No. 8 at 3. The defendant argues that summary judgment is proper for the claim because the plaintiff failed to establish that White's conduct was severe or pervasive enough to alter his employment conditions and create an abusive work environment. *Id.*

The plaintiff fails to establish that there is a genuine issue of material fact as to the hostile work environment claim. The undersigned must consider whether White's alleged conduct constitutes severe or pervasive conduct that is objectively offensive. Here, the plaintiff failed to

establish that White's conduct was objectively offensive. Fifth Circuit precedent has found more severe and continuous conduct does not meet the threshold of objectively offensive conduct, and under these facts, White's alleged conduct does not either. See *Shepherd v. Comptroller of Public Accounts of State of Texas,* 168 F.3d 871, 874 (5th Cir. 1999) (holding that sexual teasing and occasional physical touching over a period of two years was "not severe" because it was "not the type of extreme conduct that would prevent [the plaintiff] from succeeding in the workplace."); *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (holding that a supervisor's statements telling a co-worker that "he loved her six times" did not create a hostile work environment). The undersigned is not persuaded that a reasonable person would find that White asking the plaintiff to go out with her is either hostile, abusive, or altered the conditions of the plaintiff's employment. Moreover, the plaintiff does not point to evidence indicating that any alleged humiliation was based on his sex. *Hackett*, 736 F. App'x at 450. The plaintiff has failed to establish evidence indicating that White's conduct or the alleged humiliation prevented him from succeeding in the workplace. *Shepherd*, 168 F.3d at 874. Instead, the record indicates, which the plaintiff confirms, that the plaintiff had multiple deficiencies with his work product which resulted in his termination. Gill Dep. 211: 22–25, Dkt. No. 20; Gill Dep. 212: 1–8, Dkt. No. 20. Therefore, the undersigned is persuaded that based on this record, the plaintiff failed to show a genuine dispute of material fact as to his hostile work environment claim, and that this portion of the defendant's motion should be **GRANTED**.

**3. Retaliation**

The plaintiff must show three things under a Title VII retaliation claim: (1) he engaged in a protected activity; (2) he suffered a materially adverse action, and (3) a causal connection exists between the protected activity and the adverse action. *Awe v. Harris Health Sys.*, 163 F.4th

969, 973 (5th Cir. 2026). A protected activity under Title VII includes when an employee has "opposed any practice made an unlawful employment practice by this subchapter," or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). Fifth Circuit precedent holds that rejecting sexual advances does not constitute a protected activity under a Title VII retaliation claim. *Giddens v. Cmty. Educ. Centers, Inc.*, 540 F. App'x 381, 390 (5th Cir. 2013) (holding that "Giddens's claim fails because she did not provide any 'authority for the proposition that rejecting sexual advances constitutes a protected activity for the purposes of a retaliation claim under Title VII.'").

The parties dispute whether the plaintiff engaged in a protected activity. In the plaintiff's Amended Complaint, he argues that he engaged in protected activity by rejecting White's sexual advances and reporting White's misconduct to company leadership. Dkt. No. 8 at 5. The defendant argues that the plaintiff contradicted this, by testifying that he never reported White's alleged sexual advances to company leadership even though he knew he could do so. Gill Dep. 208: 5–25, Dkt. No. 20. The plaintiff did not provide evidence of his reporting of White's alleged harassment to company leadership. Thus, the undersigned considers whether the plaintiff's rejection of White's alleged sexual advances constitutes protected activity.

The undersigned is persuaded that the plaintiff's retaliation claim fails as a matter of law because he cannot prove he engaged in a protected activity. The evidence shows that the only activity the plaintiff engaged in before being terminated was rejecting White's alleged sexual advances. Dkt. No. 8 at 5; Gill Dep. 208: 5–25, Dkt. No. 20. Such rejection is not a protected activity under the laws governing this case. *Giddens*, 540 F. App'x at 390. As discussed above, the plaintiff failed to establish a causal connection between his termination and rejecting the

alleged advances. *See supra* II.1. The facts indicate that the defendant had a non-retaliatory reason—the plaintiff's work-related performance deficiencies—for terminating the plaintiff's employment. Gill Dep. 211: 22–25, Dkt. No. 20; Gill Dep. 212: 1–8, Dkt. No. 20. The plaintiff does not rebut this reason for his termination, and he even appears to agree with it. The undersigned is persuaded that based on this record, the plaintiff failed to show a genuine dispute of material fact as to the plaintiff's retaliation claim, and that this portion of the defendant's motion should be **GRANTED**.

## III. RECOMMENDATION

As discussed above, the undersigned is persuaded that the defendant has demonstrated that there are no genuine disputes of material facts for any of the plaintiff's claims and that the defendant has demonstrated it's right to summary judgment on all the plaintiff's claims. For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Motion (Dkt. No. 19) be **GRANTED** and this case be dismissed.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140,

150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 7th day of October, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE