UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TARIK GILL,<br>*Plaintiff*,<br><br>v.<br><br>ECS ENVIRONMENTAL SOLUTIONS,<br>*Defendant*. | No. 6:24-CV-0217-CRW-DTG |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Derek T. Gilliland regarding Defendant's Motion for Summary Judgment (Dkt. No. 19). Dkt. No. 30. The report recommends that Defendant's motion (Dkt. No. 19) be **GRANTED**. The Report and Recommendation was filed October 7, 2026. This Court hereby adopts Judge Gilliland's Recommendations.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Plaintiff filed objections to the report and recommendation on October 20, 2026. Dkt. No. 31. Plaintiff argues that the report and recommendation fails to consider alleged material factual disputes concerning his supervisor Alicia White's alleged harassment, coercive threats, retaliatory conduct, and influence over Plaintiff's termination. *See id.* The Court has conducted a *de novo* review of the motion, the Report and Recommendation, Plaintiff's objections to the Report and Recommendation, the record of the case, and the applicable laws. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted.

The Court agrees with Judge Gilliland that Plaintiff's quid pro quo harassment claim fails because Plaintiff has failed to satisfy the second element: that Plaintiff was subjected to unwelcome harassment. *See* Dkt. No. 30 at 3. The Supreme Court has explained that Title VII is not a "general civility code" and provided case examples of conduct that would not rise to an actionable Title VII hostile work environment claim such as simple teasing, offhand comments, and isolated incidents unless extremely serious. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (discussing conduct that would be considered "genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex."). The undersigned agrees with Judge Gilliland that Plaintiff has not shown that he experienced actionable sexual harassment for the purposes of his quid pro quo claim under Title VII. *See* Dkt. No. 30 at 11-12 (citing *Frensley v. N. Miss. Med. Ctr., Inc.*, 440 F. App'x 383, 387-88 (5th Cir. 2011) (per curiam)). Similarly, the

undersigned agrees with Judge Gilliland that Plaintiff would fail to survive summary judgment even if this were a hostile work environment claim—because he cannot prove that he was subjected to unwelcome sexual harassment that affected a term, condition, or privilege of his employment. *See id.* at 15 (discussing the potential merits of a hostile work environment claim despite Plaintiff's limitation of asserting a quid pro quo claim due to suffering a tangible employment action).

Finally, the undersigned agrees with Judge Gilliland that Plaintiff's alleged rejection of White's invitations to go out with her cannot constitute protected activity under Title VII. *See id.* at 21-22 (citing *Giddens v. Cmty. Educ. Ctrs., Inc.*, 540 F. App'x 381, 390 (5th Cir. 2013)). While Plaintiff objects and argues that he can show he reasonably believed he was engaging in protected activity by reporting White's alleged advances directly to Jeff Jones and Blake Leinart, Plaintiff fails to sufficiently demonstrate any causal connection between that reporting and his materially adverse employment action. *See* Dkt. No. 31 at 21. Plaintiff's bare assertions fail to show how White had sufficient supervisory control over his termination decision to satisfy causation under the *cat's paw* theory of employer liability. *See id.* at 22 (citing *Zamora v. City Of Houston*, 798 F.3d 326 (5th Cir. 2015)). To hold an employer liable under that theory, a plaintiff must show that a supervisor performed an act motivated by unlawful animus that is intended by the supervisor to cause an adverse employment action, and that act is a proximate cause of the employment action. *See Zamora*, 798 F.3d at 332. Plaintiff has not explained what "unlawful animus" motivated White—he only alleged that she asked him out two times. As previously

discussed, the Court does not find that any of Plaintiff's allegations toward White arise to alleging sexual harassment. The Court therefore finds that Plaintiff has not presented a claim for retaliation. Summary judgment is therefore appropriate on all claims.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Derek T. Gilliland, Dkt. No. 30, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant ECS Environmental Solutions's Motion for Summary Judgment (Dkt. No. 19) is **GRANTED.** Plaintiff's claims are all dismissed. Final judgment will issue separately.

So ordered on October 20, 2026.

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE